# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 04-CR-34

ARTHUR SCHUH,

    Defendant.

## ORDER DENYING MOTION FOR RETURN OF PROPERTY

Arthur Schuh was convicted of conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime in the above-captioned matter and was sentenced to one hundred twenty-three months in prison. Presently before the court is the motion of Michael Schuh, Arthur's son, for the return of seized property. Michael seeks the return of various items of property, including firearms and other articles that were seized from a cabin owned by his father during a raid on June 6, 2003. He states that the property has not been forfeited to the government and, further, that he has standing to demand return of the item because he is Arthur's son with an interest in the seized property.

In response to Michael's motion, the government notes that the property was seized pursuant to a state search warrant issued by Milwaukee County Circuit Judge Michael Skwierowski. The warrant authorized a search of Arthur Schuh's cabin in Pine River, Washara County, Wisconsin. Moreover, the government states that the warrant was obtained and executed by agents of the Wisconsin Division of Criminal Investigation (DCI) and that DCI has maintained custody of all

evidence seized during the warrant's execution. Since a state agency seized the property pursuant to a state warrant and, further, since the property remains in state custody, the government contends Michael's motion should be denied.

Michael does not dispute the government's contention that the property was seized by state agents under a state warrant and remains in state custody. Based upon this fact, I conclude that the motion should be denied. If the federal government does not have possession of the property, it makes no sense to order the federal government to return it. Michael, or more likely, Arthur, has a remedy under state law if the property is being wrongfully withheld. Under Wis. Stat. § 968.20(1), any person claiming a right to possession of property seized pursuant to a state search warrant ". . . may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned . . . ." Since the warrant was issued by a state court judge and remains in the custody of state agents, Michael's remedy, if any, lies in state court. Accordingly, his motion for return of property is denied.

**SO ORDERED** this ___30th___ day of January, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge